PETTIGREW, J.,
concurs with the results only, and assigns reasons.
hThe majority base their ultimate actions .taken in this case on maintaining the Pratt defendants’- exception of prematurity. It is my humble opinion thqt the legal issue of prematurity is not before us in this appeal. The Pratts (appellees) did not appeal the trial court’s decision to declare their exception of prematurity moot,' nor did the appellants list that issue in their assignment of errors or issues to be reviewed.
I see. no authority for .us to i;aise the issue of prematurity on our .own accord, under LSA-C.C.P. art. 926, as we could under LSA-C.C.P. art. 927, dealing with the majority of the peremptory exceptions.
I suggest that the real issue is not one of prematurity,-'but’one of maintaining the subject matter jurisdiction and venue of the probate court in the 16th Judicial District-Court. Louisiana Revised' Statutes Code Civ. Proc. article 2811 establishes the venue and jurisdiction of where a succession proceeding may be opened. Pursuant to-LSA-C.C.P. art. 44(C), the venue provisions may‘not be waived. Furthermore, LSA-C.C.P. art. 2812 provides authority for the' district- court where the original proceeding was brought to stay any other proceedings brought-in another court of competent jurisdiction.
I believe these’ articles read along with LSA-C.C.P. art. 2164 justifies the position taken by the majority.